█ F. HENRY CONNELLY, SR., as Guardian ad Litem of F. HENRY CONNELLY, JR., an Infant, Appellant, v. PUBLIC SCHOOL DISTRICT OF NORTH TONAWANDA, et al., Respondents.— Order unanimously reversed, without costs of this appeal to any party, and motion granted, without costs. Memorandum: In the exercise of a proper discretion and in the interest of justice, the motion should have been granted. (Appeal from final order of Erie Special Term denying plaintiff's motion to file a notice of claim after expiration of the statutory period.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.

█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HUGH BASIL TILKINS, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent. — Order reversed on the law, without costs, writ of habeas corpus sustained and defendant remanded to the Sheriff of Cayuga County for resentence. Memorandum: Defendant was convicted in Cayuga County Court on June 23, 1952 of manslaughter, first degree, upon his plea of guilty and was sentenced to an indeterminate term of not less than 18 years nor more than 20 years. Some two years later on April 9, 1954 defendant was returned to that court. The 1952 sentence was vacated and defendant was sentenced to a term of not less than 10 nor more than 20 years. Upon the hearing in this proceeding it was conceded that there was no compliance with section 480 of the Code of Criminal Procedure at the time of the resentence in 1954. In denying relief the Wyoming County Court relied on *People ex rel. Wilkerson* v. *McMann* (11 A D 2d 569, affd. 9 N Y 2d 916). That decision is distinguishable. There petitioner sought to vacate a prior conviction (for failure to comply with § 480) which had been used as a basis for treating petitioner as a multiple offender. (See, also, *People ex rel. Egitto* v. *Jackson*, 7 A D 2d 808, lv. to app. den. 5 N Y 2d 711.) *People ex rel. Miller* v. *Martin* (1 N Y 2d 406) is here controlling. Therein it was held that compliance with section 480 is "a jurisdictional prerequisite to sentence". (*People ex rel. Williams* v. *Murphy*, 6 N Y 2d 234, 236; see, also, *People* v. *Blasczyk*, 2 A D 2d 947.) Decisions such as *People ex rel. Di Bari* v. *Fay* (18 A D 2d 999) relied on by the People are distinguishable. Here there was no plea followed in a few days by sentence. Nearly two years passed after sentence was first imposed. Then the original sentence was vacated and the new and different sentence was imposed. Under these circumstances, it was necessary to comply with section 480. (Cf. *People* v. *Schoonover*, 15 A D 2d 862.) (Appeal from order of Wyoming County Court dismissing a writ of habeas corpus and remanding relator to custody of Warden of Attica Prison.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.